THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Aleksandr Dmitrievich Kirilichev,<br><br>Petitioner,<br><br>v.<br><br>Albatros Ltd.,<br><br>Respondent. | Case No. 2:16-cv-00978-RAJ<br><br>PETITIONER'S EX PARTE MOTION TO ALLOW SERVICE BY MAIL<br><br>Noting date: September 1, 2016 |

## I. RELIEF REQUESTED

Petitioner Aleksandr Dmitrievich Kirilichev, pursuant to Fed. R. Civ. P. 4(h)(1)(A) and RCW 23.95.450, hereby moves to allow service by mail upon respondent Albatros Ltd. ("Albatros"), a Washington corporation, because its registered agent and sole officer cannot with reasonable diligence be served in person.

## II. STATEMENT OF FACTS

Petitioner is a Russian citizen who resides in the Russian Federation. Respondent is a Washington corporation with its principal place of business in Bellevue, Washington.[1]

[1] Although Respondent Albatros Ltd. has been administratively dissolved, Petitioner remains entitled to pursue relief against it. *See* Wash. Rev. Code § 23B.14.070(1) (providing that "[t]he holder of an unpaid claim against a dissolved corporation . . . may, within the statute of limitations applicable to the claim, commence a proceeding against the dissolved corporation to collect the amount of the claim from any remaining undistributed assets of the corporation").



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

This case arises out of a contract executed by Petitioner and Respondent wherein Respondent agreed to deliver fifteen vehicles to Petitioner in Russia in exchange for US$ 2,970,000. *See* Dkt. 2 at 3. Petitioner paid the amounts due, but never received the promised vehicles. *Id.* Pursuant to the parties' agreement, Petitioner arbitrated the dispute at the International Commercial Arbitration Court at the Chamber of Commerce and Industry of the Russian Federation ("ICAC") and was awarded $2,970,000 as payment of the principle debt under the parties' contract, $671,220 in penalties, $47,806 as reimbursement for Petitioner's expenses associated with the arbitration fee, and $14,160 in legal fees. *Id.* at 5. Respondent has not paid the amounts awarded by the ICAC. *Id.*

On June 24, 2016, Petitioner filed the instant action to enforce the foreign arbitration award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517. T.l.A.S. No, 6997. 330 U.N.T.S. 38 (1970) (the "New York Convention"), as adopted by 9 U.S.C. § 201 *et seq*. *See* Dkt. 1. Since that time, Petitioner has diligently attempted to serve Respondent and Respondent's president and registered agent, George Halatchev. Between June 30 and July 26, 2016, Petitioner attempted to personally serve Albatros and Mr. Halatchev over fifteen times at five different addresses in two different states. *See* Decl. of Thomas Pikor in Supp. of Mot. to Allow Service by Mail ("Pikor Decl."). However, the address listed for Respondent's registered agent does not exist. *See id.* ¶ 11. And despite multiple attempts to serve Mr. Halatchev at his residence, it appears he has not returned to his home since shortly after he first encountered the service agent and concealed his identity. *Id.* ¶¶ 8-10, 14-16, 19, 21. The evidence suggests Mr. Halatchev has either left Washington or is in Washington and is evading service. *Id.* ¶ 18.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## III. ARGUMENT

### A. Federal and State Law Permit Service by Mail If a Corporation's Registered Agent Cannot with Reasonable Diligence Be Served

Fed. R. Civ. P. 4(h)(1)(A) permits service on a domestic corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) in turn permits serving an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Accordingly, service upon Albatros may be made by following Washington law.

RCW 23.95.450 provides:

> (1) A represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent.
>
> (2) If a represented entity ceases to have a registered agent, *or if its registered agent cannot with reasonable diligence be served*, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office. The address of the principal office must be as shown in the entity's most recent annual report filed by the secretary of state.

(emphasis added).

Additionally, RCW 4.28.080(9) permits service upon a corporation by delivering a copy of the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof."

### B. Neither Respondent's Registered Agent Nor its Sole Officer Can with Reasonable Diligence be Served

"Due diligence" requires that the plaintiff make "honest and reasonable efforts to locate the defendant." *Pascua v. Heil*, 126 Wash. App. 520, 529 (2005). However, a plaintiff does not need to take all possible steps to locate and personally serve the defendant. *See Boes v. Bisiar*, 122 Wash. App. 569, 576 (2004). Reasonably diligent efforts include, for example, examining telephone and Internet listings; using a private investigator; repeatedly attempting to serve the defendant; and checking relevant property and tax records for contact information. *See Pascua*,



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

126 Wash. App. at 529. There is no lack of due diligence in serving a registered agent if the registered agent is not available for service. *Crystal, China & Gold, Ltd. v. Factoria Ctr. Investments, Inc.*, 93 Wash. App. 606, 612 (1999).

Respondent's registered agent is James Peterson and his address is listed as 15600 NE 8th St. #K112, Bellevue, WA 98008. *See* Decl. of Todd M. Hinnen in Supp. of Pet'r's Ex Parte Mot. to Allow Service by Mail ("Hinnen Decl."), Ex. A. Albatros' sole officer is its president, George Halatchev-Halberg. *Id*. According to the last Annual Report filed by Respondent with the Secretary of State, the address of Respondent's Principal Place of Business is 533 157th Ave. SE, Bellevue, Washington 98008. *See* Hinnen Decl., Ex. B. Respondent's prior registered agent's address is 3046 177th Ave. NE, Redmond, Washington 98052. *Id.* Petitioner has taken all reasonable steps based on readily available information to locate and personally serve Albatros through *both* its registered agent and its president, but neither party can be found in the state.

Petitioner diligently attempted to locate and serve Respondent's current registered agent, but the address listed for its registered agent does not exist. Pikor Decl. ¶ 11. The registered agent's address is the address for the Bellevue Crossroads mall. *Id.* There is no unit K112. *Id.* Unit K12 is a store called Alter Ego Comic. *Id.* Unit K11 is a King County Public Library mini-branch. *Id.* It appears that the registered agent information may be fraudulent or inaccurate. "James Peterson" is a common name. Without a valid address or other identifying information, there are no other reasonable means by which Petitioner might attempt to serve Respondent's registered agent.

Petitioner also diligently attempted to locate and serve Respondent's president, Mr. Halatchev. Investigators attempted service at Mr. Halatchev's residence on multiple occasions. *Id.* ¶¶ 8-10, 14-16, 19, 21. Mr. Halatchev's residence is in Redmond, Washington, and it shares the same address as that listed for Respondent's previous registered agent, as indicated on Respondent's 2014 annual report. *See* Hinnen Decl., Ex. B. At Petitioner's first service attempt at that address, Mr. Halatchev concealed his identity and actively evaded service. Pikor Decl. ¶ 8.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Since that time, Mr. Halatchev appears not to have returned home, and his car has not been in the driveway. *Id.* ¶¶ 8-10, 14-16, 19, 21. His neighbor indicated she had not seen him in weeks. *Id.* ¶ 21. Petitioner also attempted to locate and serve Mr. Halatchev at his rental property and at his sons' homes in Washington and Missouri, but he could not be found at those locations, and the residents either did not know where he was or refused to provide information. *Id.* ¶¶ 12,13, 20. Petitioner's investigator also contacted Mr. Halatchev by phone, and during that conversation Mr. Halatchev informed the investigator that he was "leaving state forever." *Id.* ¶ 18.

Accordingly, neither Respondent's president nor its registered agent can with reasonable diligence be served, and this Court should permit service by mail under Fed. R. Civ. P. 4(h)(1) and RCW 23.95.450.

## IV. CONCLUSION AND PROPOSED ORDER

For the reasons above, Petitioner Aleksandr Dmitrievich Kirilichev respectfully requests that the Court allow for service by mail upon Respondent Albatros, Ltd.

RESPECTFULLY SUBMITTED this 1st day of September, 2016.

By: s/ Todd M. Hinnen
Todd M. Hinnen #27176
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: THinnen@perkinscoie.com

Attorneys for Aleksandr Dmitrievich Kirilichev

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I have mailed by United States Postal Service Certified Mail the document to the following entities:

Albatros Ltd.
C/O Gueorgui Halatchev-Halberg
533 157th Ave SE
Bellevue, WA 98008

Albatros Ltd.
C/O Gueorgui Halatchev-Halberg
3046 177th Ave NE
Redmond WA 98052

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 1, 2016

By: s/ Todd M. Hinnen
Todd M. Hinnen #27176
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: THinnen@perkinscoie.com

Attorneys for Aleksandr Dmitrievich Kirilichev



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000