UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Aleksandr Dmitrievich Kirilichev,

        Petitioner,

    v.

Albatros Ltd.,

        Respondent.

Case No. 2:16-cv-00978-RAJ

DECLARATION OF THOMAS PIKOR IN
SUPPORT OF MOTION TO ALLOW
SERVICE BY MAIL

1.      I am the founder and president of Catalyst Intelligence, Inc., a global investigative network. My company specializes in complex background research, cyber investigations, and asset tracing, and I have more than a decade of experience locating and interviewing witnesses and litigants.

2.      I am over 18 years old, competent to be a witness, a resident of the State of California, a citizen of the United States, and not a party to this action.

3.      On June 27, 2016, attorneys for the Petitioner from Perkins Coie LLP hired me to locate and serve Albatros, Ltd.

4.      The documents I received for service were: Summons, Civil Cover Sheet, Declaration of Todd M. Hinnen in Support of Petition for Order to Confirm Foreign Arbitration Award, Petition to Confirm Foreign Arbitration Award, Petitioner Memorandum in Support of

DECLARATION OF THOMAS PIKOR IN SUPPORT OF
MOTION FOR ORDER TO SERVE BY MAIL – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Petition for Order to Confirm Foreign Arbitration Award, Exhibit 1 (22 pages), and Exhibit A (92 pages).

5.      I was provided with three addresses at which to attempt service:

- 15600 NE 8th St. #K112, Bellevue, WA 98008, which I understand is the address listed for Albatros' registered agent, James Peterson;
- 533 157th Ave. SE, Bellevue, WA 98008, USA, which I understand was the address listed as the principal place of business for Albatros when it last filed an annual report with the Secretary of State on May 6, 2014; and
- 3046 177th Ave. NE, Redmond, WA 98052, which I understand was the previous registered agent address for Albatros.

6.      I was also informed that the President of Albatros is an individual named George Halatchev-Halberg, and I was instructed to serve Mr. Halatchev in the event I was unable to serve Albatros' registered agent.

7.      As per my usual custom, I engaged local investigators to serve Albatros or, if necessary, locate and serve Mr. Halatchev. My agent searched publicly available records for addresses associated with Mr. Halatchev.

8.      On June 30, 2016, two late afternoon service attempts were made at 3046 177th Ave. NE in Redmond, Washington. My agent's investigation revealed that this property is currently owned by Mr. Halatchev. At the time of attempted service, there was a vehicle registered to Mr. Halatchev parked at that address. The individual who my agent believed to be Mr. Halatchev evaded service on this day by denying he was the subject in question. This individual appeared to be in his mid-60s and spoke in what my agent described as "broken English" and what he perceived to be a Russian accent. After denying that he was Mr. Halatchev or that he was a resident of the home, he slammed the door in my agent's face. Later, that individual approached my agent's vehicle. As he passed by, my agent called out "George

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Halatchev." The individual responded by lowering his head and walking past. Before leaving the area, my agent took a picture of the individual. *See* Ex. A.

9. On July 1, my agent returned to the Redmond, Washington residence. He observed that there was a group of people working on the roof of the residence. He had requested a civil standby from the Redmond Police Department earlier in the day due to the previous service attempts with the elderly man. As he waited for the police to arrive, he approached the house across the street and talked to a neighbor about the elderly man he had encountered the previous day. After showing the neighbor the picture, she confirmed the individual depicted was George Halatchev. The police arrived and my agent proceeded to the front door of the residence. After knocking three times, he approached the workers and asked if they had seen Mr. Halatchev. They informed him that they had been there since the morning and had not seen Mr. Halatchev at the home.

10. On July 5, my agent again returned to the Redmond, Washington address. The vehicle that my agent observed at the home previously (registered to Mr. Halatchev) was no longer present and there was no activity or movement in the residence. My agent looked in the front window and observed several disassembled flat screen TVs in the living room, as well as some small child's toys, a harpsichord/piano, and crystal ware.

11. That same day, my agent also attempted service at 15600 NE 8th St. #K112 in Bellevue, Washington and determined that it was not a valid address. This address is the address for the Bellevue Crossroads mall. My agent confirmed with guest services that there is no unit K112. Unit K12 is Alter Ego Comic, and the cashier had never heard of Mr. Halatchev or Albatros. Unit K11 is a King County Public Library mini-branch.

12. My agent also visited 533 157th Ave SE, Bellevue, WA on that day, which home is currently registered to Illia Halatchev, the son of George Halatchev. An elderly male answered the door and informed my agent that his name was John Liam and that Mr. Halatchev was his landlord. He said he had not seen Mr. Halatchev in a couple of months.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

13.     Later, my agent visited 18459 SE 43rd PL Issaquah WA, 98027, which is a house registered to Trendalfil G. Halatchev, another son of George Halatchev, and the registered owner of one of the two vehicles observed in front of the residence in Redmond where my agent initially encountered the individual who we believe to be George Halatchev.  When my agent asked if he was Trendalfil Halatchev, he said "no" in a foreign accent matching George Halatchev's.  When my agent asked him about George Halatchev and if he was any relation, he asked my agent what this was concerning.  My agent informed him he was looking for George Halatchev and had papers for him. The heavy set man asked for the papers then attempted to reach for them.  As my agent pulled away he asked him again for his name.  The man refused to tell him and slammed the door in my agent's face.

14.     My agent then returned to the Redmond, Washington residence, knocked on the door, and there was no answer.  He conducted surveillance for an hour.

15.     On July 6, my agent attempted two service attempts at the Redmond, Washington address at 2:30 pm and 3:35 pm.  There was no answer.  A package was delivered from "TVPartsInStock.com" between the two attempts and was left on the porch.   My agent returned again at 5:00 pm, and observed that the package was still there.  The agent waited within sight of the home until 7:00 pm and did not observe anybody enter or leave the residence.  My agent returned again at 7:55 pm and the residence remained empty.

16.     On July 10, another one of my agents attempted service at the Redmond, Washington address.  No vehicles were visible, no activity was visible in the home through the front windows, and the package from TVPartsinStock.com was still present at the porch.  Leaning against the fence was a ReMax Real Estate sign and post with a "sold" sign on it.  My agent left a message with the agent listed on the "sold" sign to inquire about the status of the house.  To date, the ReMax agent has not returned my agent's call.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

17. That same morning, my agent drove by the 533 157th Ave., Bellevue address looking for vehicles belonging to Mr. Halatchev. She did not observe either vehicle registered to Mr. Halatchev present at the home or on the block.

18. My agent then contacted Mr. Halatchev at 425-643-4471, which is a number she found online for Bellevue TV Repair, associated with Yelp reviews about Mr. Halatchev. In light of Mr. Halatchev's prior deception and evasion of service, my agent told the person who answered that she had a problem with her TV and the person on the other end asked for the model number. The individual who answered had a Russian accent. My agent said she would call him back. She asked for his name and he said, "George." She then called back and provided a model number and asked if he could fix her television. The person who called himself "George" told her he was "not in the state." She asked if she could take the TV to the shop and he said that the shop was permanently closed. He offered to provide her a referral to another television repair shop. She asked him if he was away on vacation, and when he'd be back. He said, "No... leaving state forever."

19. Later that week, my agent conducted additional spot checks at the Redmond, Washington address. The package observed previously was still on the porch.

20. On July 17, based on what Mr. Halatchev told my agent about leaving the state, I commissioned surveillance on Mr. Halatchev's son's home in St. Louis, Missouri. There was no sign of either Mr. Halatchev or either of his vehicles at the home.

21. On July 26, we received a tip that Mr. Halatchev might be back at his Redmond home. My agent arrived at the home at approximately 7:45 am. There were no vehicles in the driveway, there was no movement in the home, and the package on the doorstep that was delivered the first week of July still had not moved. The TVs, parts, and toys previously seen strewn around the living room had not moved. My agent spoke to a neighbor a few doors down, who advised she had not seen Mr. Halatchev since he had been repairing his roof a few weeks back. She thought this was strange because she normally saw Mr. Halatchev walking in the neighborhood on a

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  regular basis. My agent provided the neighbor with her card and the neighbor said she would call

2  if she saw Mr. Halatchev. To date, my agent has not been contacted by the neighbor.

3      I declare under penalty of perjury under the laws of the State of Washington and the laws

4  of the United States of America that the foregoing is true and correct.

5      DATED this _31st_ day of August, 2016 in _Agoura Hills, California_.

6

7  _____

8  Thomas Pikor
   Catalyst Intelligence, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF THOMAS PIKOR IN SUPPORT OF
MOTION FOR ORDER TO SERVE BY MAIL – 6

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I have mailed by United States Postal Service Certified Mail the document to the following entities:

Albatros Ltd.
C/O Gueorgui Halatchev-Halberg
533 157th Ave SE
Bellevue, WA 98008

Albatros Ltd.
C/O Gueorgui Halatchev-Halberg
3046 177th Ave NE
Redmond WA 98052

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 1, 2016

By: s/ Todd M. Hinnen
Todd M. Hinnen #27176
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: THinnen@perkinscoie.com

Attorneys for Aleksandr Dmitrievich Kirilichev

DECLARATION OF THOMAS PIKOR IN SUPPORT OF
MOTION FOR ORDER TO SERVE BY MAIL – 7

# EXHIBIT A
## to Pikor Declaration

